**UNITED STATES of America, Appellee,**

**v.**

**Pedro MEZA–CAMPOS, Appellant.**

**No. 74–1246.**

United States Court of Appeals, Ninth Circuit.

July 5, 1974.

Donald L. Ungar (argued), of Simmons & Ungar, San Francisco, Cal., for appellant.

James L. Browning, U. S. Atty., San Francisco, Cal., J. H. Daffer, Asst. U. S. Atty., for appellee.

## OPINION

Before ELY and WALLACE, Circuit Judges, and LYDICK,* District Judge.

PER CURIAM:

The appellant was convicted of having violated 8 U.S.C. § 1326. The statute

---

* Honorable Lawrence T. Lydick, United States District Judge, Los Angeles, California, sitting by designation.

prohibits the entry into this country of an alien who has previously been arrested and deported, unless the alien has obtained permission to re-enter from the Attorney General of the United States.

The only issue here presented is whether the arrest of the appellant was valid. The arrest was made by an officer of the Immigration and Naturalization Service without warrant. A rather unique statutory provision, 8 U.S.C. § 1357(a)(2), is involved. It authorizes the arrest of an alien such as the appellant without warrant, but only if the arresting officer, at the time of the arrest, had "reason to believe" that the alien was likely to escape before a warrant could be procured. It is argued that the evidence was insufficient to justify the officer's alleged belief that the appellant was likely to escape. The contention has some persuasion, but we reject it.

When the appellant was stopped for interrogation, he appeared, according to the testimony of the arresting officer, to be one whom the officer had previously observed in the custody of the Immigration Service. The officer testified that the appellant was extremely nervous, was "looking around to the left and right past me," and that he, the officer, "felt that he was looking for an opportunity to run." The appellant admitted to the officer that he was an alien and that he had no immigration papers.

Following the appellant's argument to its logical conclusion, it would seem that an arresting immigration officer could never have reason to believe that the arrestee was likely to escape, absent an on-the-scene admission of the arrestee to that effect. We cannot apply such an unreasonably restrictive interpretation to the pertinent statute. Being unable to look into the appellant's mind, the officer could do no more than to draw his own inferences from the objective circumstances. From the circumstances we have above described, we conclude that they were sufficient to support the determination that the arresting officer's inferences were not unreasonable and that they were thus adequate to warrant

his expressed "reason to believe" that, if not immediately arrested, the appellant was likely to escape. *Cf.* United States v. Mallides, 473 F.2d 859 (9th Cir. 1973); United States v. Alvarado, 321 F.2d 336 (2d Cir. 1963); Taylor v. Fine, 115 F.Supp. 68 (S.D.Cal.1953).

Affirmed.