**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose REYES–OROPESA,**
**Defendant-Appellant.**

**No. 78–3365.**

United States Court of Appeals,
Ninth Circuit.

May 7, 1979.

Susan G. Wintermute, Asst. Federal Public Defender, Tucson, Ariz., for defendant-appellant.

Eugene R. Bracamonte, Dale A. Danneman, Asst. U. S. Attys., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges, and BURNS,* District Judge.

* Honorable James M. Burns, United States District Judge, for the District of Oregon, sitting by designation.

**400**

TRASK, Circuit Judge:

Appellant Reyes-Oropesa appeals from his conviction for 8 U.S.C. § 1325(3), misdemeanor illegal entry. Appellant received a sixty-day sentence which he served while awaiting trial.

Agents of the United States Border Patrol received confidential information about an individual residing as an illegal alien in Tucson, Arizona. The tip included a description of the individual, the garage where he worked, and the name he was using. According to the information, the individual was also carrying a forged I–151 resident alien card. Acting on the tip, border patrol agents went to the garage and found appellant, who fit the above description. When questioned by one of the agents, appellant stated that he was not an American citizen but produced a resident alien card. The agent examined the card and determined that it was forged. Appellant was placed under arrest and transported to the border patrol station for questioning. After being advised of his rights, appellant admitted that he purchased the card in Mexico in 1963 and had used it on numerous occasions to cross the border into the United States.

On appeal, appellant makes three contentions. First, he argues that there was no probable cause to arrest him. Second, he alleges that the agents had no authority to arrest him without a warrant for a misdemeanor not committed in their presence. Third, he argues that his post-arrest statements were made involuntarily. We reject these contentions and affirm the conviction.

■ Appellant was not arrested until probable cause existed that he was an illegal alien. The informant's tip gave the agent a founded suspicion upon which he could briefly detain and question appellant. *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *United States v. Collom,* Nos. 77–1040, 77–1034, slip op. at 1866 (9th Cir. June 15, 1978). The agent's subsequent observation that appellant matched the informant's description and the detection of the altered I–151 card makes it clear that when appellant was arrested this founded suspicion had ripened into probable cause. *See United States v. Collom,* slip. op. at 1867; *Ojeda-Vinales v. Immigration & Naturalization Service,* 523 F.2d 286, 288 (2nd Cir. 1975).

■ The agent also had authority to make the arrest without a warrant. Appellant was arrested pursuant to 8 U.S.C. § 1357(a)(2), which provides that an officer has the authority to arrest any alien in the United States if he has reason to believe that the alien arrested is in violation of an immigration law or regulation and the alien is likely to escape before a warrant can be obtained for his arrest. *See United States v. Meza-Campos,* 500 F.2d 33 (9th Cir. 1974). The present factual circumstances fall within these statutory requirements.

■ Finally, appellant's post-arrest statements were made after he was properly advised of his rights in Spanish and then knowingly and voluntarily signed a form waiving those rights. The post-arrest statements were properly admitted.

AFFIRMED.