Cesar **LONDONO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE**, Respondent.

No. 118, Docket 34686.

United States Court of Appeals,
Second Circuit.

Argued Oct. 19, 1970.

Decided Oct. 21, 1970.

---

13. Black's Law Dictionary, Fourth Edition, p. 1750.

14. Alabama Power Co. v. Federal Power Commission, 134 F.2d 602 (5th Cir. 1943).

Leon Rosen, New York City, for petitioner.

T. Gorman Reilly, Asst. U. S. Atty., S. D. New York (Whitney North Seymour, Jr., U. S. Atty., and Stanley H. Wallenstein, Special Asst. U. S. Atty., S. D. New York, on the brief), for respondent.

Before WATERMAN, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

Petitioner Londono is a native and citizen of Colombia. He entered the United States on March 17, 1969 as a nonimmigrant visitor for pleasure within the meaning of § 101(a) (15) (B) of the Immigration and Nationality Act, 8 U.S. C. § 1101(a) (15) (B). His visitor's visa authorized him to remain in the Country until September 30, 1969.

Two weeks after his entry, petitioner began working full time as a machine operator for the Colorpack Corporation of Happauge, New York. On learning of the petitioner's employment, the Immigration and Naturalization Service commenced deportation proceedings. The Service alleged that the petitioner's acceptance of gainful employment violated a condition of his status as a nonimmigrant visitor for pleasure and thereby rendered the alien deportable pursuant to § 241(a) (9) of the Act, 8 U.S.C. § 1251 (a) (9). At the deportation hearing before a Special Inquiry Officer, petitioner contended that, once he entered the Country as a visitor for pleasure, neither the statutory provisions nor the regulations promulgated under them explicitly prohibited his employment. The Special Inquiry Officer, however, found the alien deportable as charged, and the Board of Immigration Appeals affirmed his decision, ruling that a specific prohibition against employment was unnecessary. We affirm.

■ Although no statutory or regulatory provision forbids employment by nonimmigrant visitors, the language and structure of the Act leave no doubt that Congress has foreclosed employment to the alien who enters as a visitor for pleasure. A visitor for pleasure is defined in the Act as "an alien (other than one coming for the purpose * * * of performing * * * labor * * *) * * * who is visiting the United States temporarily for pleasure." § 101(a) (15) (B). This statutory definition precludes the granting of a visitor's visa to an alien intending to become employed in this Country and implements, in part, the statutory purpose to protect the domestic labor force from an influx of foreign labor. Under § 212(a) (14) of the Act, 8 U.S.C. § 1182(a) (14), no alien intending to enter the domestic labor force can obtain a visa unless the Secretary of Labor has certified that qualified domestic workers are not available in the alien's trade and that the alien's employment will not adversely affect domestic workers similarly employed. If an alien could avoid the exclusionary provision of § 212(a) (14) by obtaining entry as a visitor for pleasure, the safeguards carefully erected to protect the domestic labor market would be rendered entirely nugatory.

■ The petitioner was warned in his application for a visitor's visa that gainful employment in the United States would constitute a violation of visa conditions, and he agreed, in making that application, to abide by all the terms of his admission. See 8 C.F.R. § 214.1(a). It is clear beyond doubt that the petitioner violated this condition of his leave to enter this Country as a nonimmigrant visitor for pleasure, and he is, therefore, deportable under § 241(a) (9) of the Act, 8 U.S.C. § 1251(a) (9).