Steve **MASTORAKIS**, Petitioner-Appellant,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent-Appellee.

No. 71–2951.

United States Court of Appeals, Ninth Circuit.

May 17, 1972.

David Marcus (argued), Los Angeles, Cal., for petitioner-appellant.

L. Douglas Brown, Asst. U. S. Atty. (argued), Frederick M. Brosio, Jr., Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., Henry E. Peterson, Asst. Atty. Gen., Washington, D. C., Joseph Surreck, INS, San Pedro, Cal., George K. Rosenberg, Dist. Dir., INS, Los Angeles, Cal., for respondent-appellee.

Before BARNES and WRIGHT, Circuit Judges, and BYRNE,* Senior District Judge.

PER CURIAM:

On October 12, 1970, petitioner, a citizen of Greece, entered the United States as a nonimmigrant visitor for pleasure. He was authorized to remain in this country until April 11, 1971. A month after his entry, petitioner secured employment at a Long Beach, California, hamburger stand. Thereafter, the Immigration and Naturalization Service charged that under Section 241(a) (9) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a) (9), he was subject to deportation because his acceptance of employment constituted a failure to comply with the conditions of his nonimmigrant status. At a hearing, a special inquiry officer determined the petitioner was a deportable alien but granted him the privilege of voluntary departure with an alternative deportation order if he failed to depart by April 25, 1971. The Board of Immigration Appeals found the petitioner's deportability to be beyond challenge and dismissed his appeal.

Petitioner maintains there is no factual basis to the determination that he

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

had violated a condition of his nonimmigrant status because in his view, the record adduced at the hearing failed to establish he had been informed that acceptance of employment constituted such a violation. Assuming the relevancy of his argument, which we doubt, petitioner's status as an acknowledged legal entrant to this country belies his contention. The application for a nonimmigration visa warns the applicant, who by completing the form agrees to abide by all terms and conditions of admission, that securing employment is a violation of his visa conditions. Having made application for a visa which was granted, it is clear that the conditions of maintaining his nonimmigrant visitor status were made known to him before he entered the United States. Londono v. Immigration and Naturalization Service, 433 F.2d 635 (C.A. 2 1970). Thus we find it is the petitioner's position which lacks a factual basis.

Affirmed  It is ordered that the mandate issue forthwith.