Jose Gil OJEDA–VINALES, Petitioner,

v.

The IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 1052, Docket 74–2634.

United States Court of Appeals, Second Circuit.

Submitted Aug. 13, 1975.

Decided Sept. 23, 1975.

William H. Oltarsh, New York City, for petitioner.

Paul J. Curran, U. S. Atty. for the Southern District of New York (Thomas H. Belote, Sp. Asst. U. S. Atty., and Naomi Reich Buchwald, Asst. U. S. Atty., of counsel), for respondent.

Before GURFEIN, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

This is a petition for review of a final order of deportation entered against Jose Gil Ojeda-Vinales by the Board of Immigration Appeals on November 21, 1974. This court has jurisdiction pursuant to Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a).

Petitioner does not dispute the following facts in the record before the Board, upon which this appeal must be determined pursuant to 8 U.S.C. § 1105a(a)(4). Petitioner entered the United States as a non-immigrant visitor on or about October 24, 1972, authorized to remain until December 31, 1972. In December of 1973 the New York Office of the Immigration and Naturalization Service (I.N.S.) received an anonymous phone call, complaining that an illegal alien, named Jose, was working as a mechanic at a specified address. Two immigration officers began an investigation; upon arriving at the specified location, the officers were told by the garage owner that a person fitting the description in the complaint was in fact employed at the garage.

Petitioner was then summoned by the garage owner, and asked by the officers whether he was "Jose" and whether he was a tourist. Ojeda-Vinales volunteered that he was Jose, a tourist, and of Paraguayan nationality. He did not produce identification or any other form of proof that his employment in the United States was legal. The officers then arrested petitioner, and took him to the I.N.S. office. The I.N.S. immediately instituted deportation proceedings, which ultimately resulted in the final order of deportation now on review. Petitioner's sole contention at all stages of the proceeding has been that his arrest was illegal and that the illegal arrest taints the entire proceeding and requires vacation of the order of deportation.

The arrest was legal under Section 287 of the Act, 8 U.S.C. § 1357, the relevant portion of which is quoted in the margin.[1]

Section 287(a)(1) permits I.N.S. officers to interrogate and temporarily detain an alien upon "circumstances creating a reasonable suspicion, not arising to the level of probable cause to arrest, that the individual so detained is illegally in this country." *Au Yi Lau v. I. N. S.*, 144 U.S.App.D.C. 147, 445 F.2d 217, 223, *cert. denied*, 404 U.S. 864, 92 S.Ct. 64, 30 L.Ed.2d 108 (1971). The anonymous phone call received by the I.N.S. in this case contained detailed and specific information which, if true, established a

---

1. Immigration and Nationality Act, Section 287, 8 U.S.C. § 1357, provides in relevant part:

"(a) Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant—

"(1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States;

"(2) to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, or expulsion of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States;

\*     \*     \*     \*     \*     \*

288

'violation of the immigration law. This was not "probable cause" for the procurement of a warrant. But it was a sufficient ground to initiate an investigation. When the information that appellant was employed there was furnished by the garage owner, and Jose was produced, the agents were permitted sufficiently to interrogate appellant to establish the suspect's identity. *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). "The ability to gather proof against these illegal entrants independent of a reasonable opportunity for interrogation is exceedingly difficult." *Au Yi Lau, supra,* 445 F.2d at 222. And see *United States v. Salter,* 521 F.2d 1326, 1329 (2 Cir. 1975). There was a "reasonable suspicion" that appellant was an alien. *United States v. Brignoni-Ponce,* 422 U.S. 873, 884, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). The garage owner, whose reliability has not been questioned, supplied the direct evidence of employment.

Petitioner's own voluntary responses to the agents' questions provided the extra measure of evidence needed to establish probable cause for his arrest. The agents knew from what the owner told them that the petitioner was employed at the garage and, from what petitioner told them, that he was a tourist and a Paraguayan citizen. This combined information established a prima facie violation of conditions imposed on non-immigrant visitors, since the acceptance of unauthorized employment by a non-immigrant visitor is a ground for deportation. See 8 U.S.C. § 1251(a)(9); 8 C.F.R. § 214.1(c); *Londono v. I. N. S.,* 433 F.2d 635 (2 Cir. 1970). Petitioner's failure to produce identification which might have established the legality of his employment could have been taken by the agents as further indication that he was in violation of the immigration laws. See *United States v. Santana,* 485 F.2d 365, 368 (2 Cir. 1973), *cert. denied,* 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 490 (1974). We hold that, in the totality of the circumstances, there was probable cause for Ojeda-Vinales' arrest.

The second condition imposed by Section 287(a)(2) for a warrantless arrest is a likelihood that the alien might escape before a warrant can be obtained. Petitioner has not argued, nor could he, that this condition was not satisfied here. We conclude that petitioner's arrest was legal under Section 287(a)(2). In view of that determination, we obviously do not decide whether the deportation order would have been valid nonetheless, even if the arrest had been illegal.

We find the deportation order to be valid, and we deny the relief sought in the petition to review.

It is so ordered.