155 N.J. Super. 307 (1978)
382 A.2d 921
ALICIA PINILLA, CLAIMANT-APPELLANT,
v.
BOARD OF REVIEW IN THE DEPARTMENT OF LABOR AND INDUSTRY OF NEW JERSEY, AND HARTZ MOUNTAIN CORPORATION, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1977.
Decided January 4, 1978.
*308 Before Judges FRITZ, BOTTER and ARD.
Mr. William E. McAlvanah argued the cause for appellant (Mr. Timothy K. Madden, Director, Hudson County Legal Services Corp., attorney).
Mr. Michael L. Diller, Deputy Attorney General, argued the cause for respondent Board of Review (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Michael S. Bokar, Deputy Attorney General, of counsel).
No appearance for respondent Hartz Mountain Corporation.
The opinion of the court was delivered by BOTTER, J.A.D.
On this appeal we are asked to determine whether appellant, an alien residing illegally in this country, is entitled to unemployment compensation benefits when her employment was terminated following an arrest by immigration officials.
Appellant is a citizen of Colombia, South America. According to her testimony she came to this country in October 1969 on a nonimmigrant visa which expired in 1973, four years after her arrival. She sought legal assistance in extending her stay lawfully and in gaining permanent immigration status but was advised that "she had to go back to [Colombia], because she had to get a passport." She did not have an alien registration card and offered no proof of permission to work in this country.
Appellant began her employment with Hartz Mountain Corporation (Hartz) on January 6, 1970, shortly after her arrival. She continued with Hartz until March 18, 1976 when she was taken into custody by agents of the United States Immigration and Naturalization Service. After being released on her own recognizance pending a deportation hearing, appellant returned to Hartz on March 19 but was told *309 she could not continue her employment without a work permit or documentation of permanent residence.
Thereafter, in April 1976, appellant filed a claim for unemployment benefits. The claim was denied at all levels of agency review on the ground that, lacking permission to work legally, appellant was unavailable for work within the meaning of N.J.S.A. 43:21-4. This statute provides that an unemployed person is eligible for benefits "only if it appears that"
(c) He [or she] is able to work, and is available for work, and has demonstrated that he [or she] is actively seeking work * * *.
Appellant contends that she is entitled to unemployment compensation because there is no provision in New Jersey or federal statutes or regulations which expressly disqualifies illegal aliens of her class from such benefits, and it is not illegal for employers to hire such aliens.
Prior to an amendment of § 245 of the Immigration and Nationality Act of 1952 (the Act), 8 U.S.C.A. § 1255,[1] effective January 1, 1977, there was no provision in the Act which referred to the impropriety of a nonimmigrant, here temporarily for pleasure, engaging in gainful employment. See Londono v. Immigration and Naturalization Service, 433 F.2d 635, 636 (2 Cir.1970). Indeed, while 8 U.S.C.A. § 1324(a) (3) makes it a felony for any person "to harbor" or attempt "to harbor" any alien not lawfully entitled to reside within the United States, the statute provides that "employment * * * shall not be deemed to constitute harboring." But this provision has been termed "at best evidence of a peripheral concern with employment of illegal entrants * * *," DeCanas v. Bica, 424 U.S. 351, 360, 96 S.Ct. 933, 939, 47 L.Ed.2d 43, 51 (1976), and *310 the design of the Act has been interpreted to exclude employment of nonimmigrants who have been admitted temporarily for pleasure. Londono v. Immigration and Naturalization Service, supra. Moreover, 8 C.F.R. 214.1(c) provides:
A nonimmigrant in the United States in a class defined in section 101(a) (15) (B) of the Act as a temporary visitor for pleasure * * * may not engage in any employment. Any other nonimmigrant * * * may not engage in any employment unless he has been accorded a nonimmigrant classification which authorizes employment or he has been granted permission to engage in employment in accordance with the provisions of this chapter. * * * Any unauthorized employment by a nonimmigrant constitutes a failure to maintain status within the meaning of section 241(a) (9) of the Act.
Thus, by regulation, a nonimmigrant alien admitted "temporarily for pleasure," § 101(a) (15) (B) of the Act, 8 U.S.C.A. § 1101 (a) (15) (B), is expressly prohibited from engaging in any employment. Ojeda-Vinales v. Immigration and Naturalization Service, 523 F.2d 286, 288 (2 Cir.1975.) Engaging in unauthorized employment constitutes a failure to maintain the status for which admission was allowed within the meaning of § 241(a) (9) of the act, 8 U.S.C.A. § 1251(a) (9), and may result in deportation. Ojeda-Vinales case, supra; Mastorakis v. Immigration and Naturalization Service, 460 F.2d 1283 (9 Cir.1972); see Pilapil v. Immigration and Naturalization Service, 424 F.2d 6, 11 (10 Cir.), cert. den. 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970), holding that a nonimmigrant student who violated conditions of his status by working as a busboy was subject to deportation and had no constitutionally protected right to work.
Appellant does not claim that she entered the work force of this country under any exception to these provisions  for example, by virtue of the Secretary of Labor's certification of need pursuant to § 212(a) (14) of the act, 8 U.S.C.A. § 1182(a)(14). Nor does she contend that her status has been adjusted to that of an alien lawfully admitted for permanent *311 residence. Cf. Campos v. United States Immigration and Naturalization Service, 402 F.2d 758 (9 Cir.1968). Presently, § 245(c) of the Act, as amended on October 20, 1976 by Pub. L. 94-571, effective as of January 1, 1977, provides that such adjustment in status is not available to an alien "who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status." 8 U.S.C.A. § 1255(c). Previously, by amendment to the act enacted in 1965, Pub. L. 89-236, § 13(b), such adjustment in status was not available "to any alien who is a native of any country of the Western Hemisphere * * *."
Since appellant could not lawfully seek or engage in gainful employment in this country when she applied for unemployment benefits, the agency below properly ruled that she was ineligible for such benefits by virtue of N.J.S.A. 43:21-4(c). In our view, legal inability to work is as disqualifying as physical inability to work. See Valenti v. Board of Review, 4 N.J. 287 (1950); Alonso v. California, 50 Cal. App.3d 242, 123 Cal. Rptr. 536 (D. Ct. App. 1975) cert. den., 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976); Zapata v. Levine, 50 A.D.2d 681, 375 N.Y.S.2d 424 (App. Div. 1975). This conclusion is consonant with federal statutes and regulations. See DeCanas v. Bica, supra, dealing with a provision of the California Labor Code prohibiting employers from knowingly employing illegal aliens if such employment would have an adverse effect on lawful resident workers. The case held that the California Court of Appeals erred in ruling that, by the Act's regulation of immigration, Congress had precluded state regulation of the employment of illegal aliens. Speaking of the vital state concern in the employment of illegal aliens, Mr. Justice Brennan, writing for a unanimous court said:
Employment of illegal aliens in times of high unemployment deprives citizens and legally admitted aliens of jobs; acceptance by illegal aliens of jobs on substandard terms * * * can seriously depress wage scales and working conditions of citizens and legally admitted aliens * * *. [424 U.S. at 356-357, 96 S.Ct. at 937, 47 L.Ed.2d at 49] *312 See, also, the Unemployment Compensation Amendments of 1976 (1976 amendments), Pub. L. 94-566, § 314(a) (14), 26 U.S.C.A. § 3304(a) (14), which mandate the Secretary of Labor to approve any state law which precludes unemployment compensation based upon services performed by an alien unless the alien has been "lawfully admitted for permanent residence or otherwise is permanently residing in the United States under color of law * * *." If any state fails to adopt the 1976 amendments, the Secretary of Labor shall deny certification of compliance by that state on October 31 of any taxable year after 1977. Pub. L. 94-566, § 312(b), 26 U.S.C.A. § 3304(c).
Accordingly, the determination of the Board of Review is affirmed.
NOTES
[1] This amendment, which is discussed later in the text, prevents adjustment to immigrant status based upon unauthorized employment prior to applying for such adjustment.