155 N.J. Super. 312 (1978)
382 A.2d 923
VICTORIA E. BASTAS, CLAIMANT-APPELLANT,
v.
BOARD OF REVIEW IN THE DEPARTMENT OF LABOR AND INDUSTRY OF NEW JERSEY AND JULIET FOOTWEAR CO., INC., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 19, 1977.
Decided January 4, 1978.
*314 Before Judges FRITZ, BOTTER and ARD.
Mr. Anthony Cabelo, of the Passaic County Legal Aid Society, attorney for appellant.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent Board of Review (Mr. Michael S. Bokar, Deputy Attorney General, of counsel; Mr. Michael L. Diller, Deputy Attorney General, on the brief).
No appearance for Juliet Footware Co., Inc.
The opinion of the court was delivered by BOTTER, J.A.D.
This is an appeal from the denial of unemployment compensation based upon appellant's status as an alien not authorized to be employed gainfully in this country. Appellant had worked for respondent Juliet Footwear Co., Inc. for almost three years until May 21, 1976 when she was laid off for lack of work. Because she did not provide an alien registration card or any proof that she could lawfully work in this country it was determined that she was unavailable for work within the meaning of N.J.S.A. 43:21-4(c) and, therefore, ineligible for benefits.
At the hearing before the Appeal Tribunal an interpreter was used because appellant did not speak English. The Appeals Examiner sought testimony from appellant as to her *315 country of origin, her citizenship and, if not a citizen of the United States, as to her right to work in this country. Upon advice of counsel appellant refused to answer these questions. Counsel asserted, as he does here, that the questions were irrelevant to appellant's availability to work and that the inquiry violated appellant's constitutional rights.
The agency below at three successive levels denied appellant's claim for her failure to demonstrate that she is available for work. N.J.S.A. 43:21-4(c). We have this day held, in Pinilla v. Board of Review, 155 N.J. Super. 307, that an alien who has a nonimmigrant status without authorization to become gainfully employed is disqualified from obtaining unemployment benefits based upon unauthorized employment. Appellant's failure to testify about her status permits the inference that she cannot successfully support her right to work. See Alonso v. California, 50 Cal. App.3d 242, 123 Cal. Rptr. 536 (D. Ct. App. 1975) cert. den., 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976). This being a civil proceeding, the adverse inference is permissible without offending appellant's Fifth Amendment right against self-incrimination. Duratron Corp. v. Republic Stuyvesant Corp., 95 N.J. Super. 527, 531 (App. Div.), certif. den. 50 N.J. 404 (1967). Nor does this inference offend appellant's due process and equal protection rights. The burden is on the claimant to establish the right to compensation. Zielenski v. Board of Review, 85 N.J. Super. 46, 51 (App. Div. 1964); DiMicele v. General Motors Corp., 51 N.J. Super. 167, 171 (App. Div. 1958), aff'd 29 N.J. 427 (1959).
As demonstrated in Pinilla v. Board of Review, supra, this result is consonant with and is not preempted by federal statutes and regulations. See DeCanas v. Bica, 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976). We acknowledge that aliens have certain rights. But an illegal alien or an alien who is here as a temporary visitor for pleasure and without authority to become gainfully employed cannot lawfully work. Londono v. Immigration and Naturalization Service, 433 F.2d 635, 636 (2 Cir.1970). *316 There is no constitutional right to work illegally. Pilapil v. Immigration and Naturalization Service, 424 F.2d 6, 11 (10 Cir.), cert. den. 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970).
The denial of unemployment benefits is affirmed.