487 So.2d 355 (1986)
Roselene ALFRED, Paisil Morisset, Marie L. Aristil, Pierre B. Eugene, Lucius Saintil, Mareus Augustin, Dinorde Nordelus, Elise Joachin, Locito Chery, Irene Laurint, Therneus Jadotte, Guilbert Metayer, Marie Ange Stanis, Edline Mocombre, Jeannine Jeremie, Marie Ange Philogene, Solange Marcelus, Wilner Barthold, Carlo Perrin, Maxon Moise, Erla Delva, Vilaire Sanon, Pierre Eugene, Roselaine Innocent, Paul Zephyr, and Daniel Jean, Appellants,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, UNEMPLOYMENT APPEALS COMMISSION, Appellee.
Nos. 85-1575, 85-1554, 85-1555, 85-1574, 85-1643 to 85-1645, 85-1718 to 85-1720, 85-1745 to 85-1752, 85-1933 to 85-1935, 85-1969 to 85-1972 and 85-2011.
District Court of Appeal of Florida, Third District.
April 15, 1986.
Rehearing Denied May 19, 1986.
*356 John R. Greenwood and Abbe Cohn, Kurzban, Kurzban & Weinger, and Ira J. Kurzban, Miami, for appellants.
John D. Maher, Tallahassee, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
FERGUSON, Judge.
Appellants are twenty-six Haitian aliens residing in the United States who appeal a *357 decision of the State of Florida Division of Unemployment Compensation (the Division) denying their applications for unemployment benefits, as affirmed with modification by the Florida Unemployment Appeals Commission (the State).
Appellants fall into two categories: (1) "excludable" aliens who have been paroled into the United States pursuant to section 203(a)(7) of the Immigration and Nationality Act (the Act) (8 U.S.C. § 1153 (a)(7) (1982)), or who have been granted conditional entry under section 212(d)(5) of the Act (8 U.S.C. § 1182(d)(5)), and (2) "deportable" aliens released on their own recognizance pursuant to authority granted the Attorney General under section 242(a) of the Act (8 U.S.C. § 1252(a)). All appellants possess identification documentation issued by the Immigration and Naturalization Service (INS).
None of the appellants have had their alien status revoked and none have INS warrants for their arrests outstanding or have had issued against them orders of deportation or exclusion. During the periods in which their unemployment credits were earned they were all in possession of valid "employment authorized" permits, which INS revoked or sought to revoke after appellants filed claims for unemployment benefits.
Ten of the appellants were found to be disqualified for unemployment compensation benefits by the Division pursuant to section 443.101(7), Florida Statutes (1985),[1] because they were not lawfully admitted for permanent residence or were not otherwise residing in the United States under color of law as required by the statute. We find that all twenty-six appellants are in the United States pursuant to sections 203(a)(7), 212(d)(5), or 242(a) of the Act and are "otherwise ... permanently residing in the United States under color of law."
Those aliens who are lawfully present in the United States as a result of the application of sections 203(a)(7) or 212(d)(5) (i.e., parolees and conditional entrants) are permanently residing in this country under color of law as provided in section 443.101(7), Florida Statutes (1985) because their residency is with government knowledge and approval and is "permanent" until changed by other official INS action. See Holley v. Lavine, 553 F.2d 845, 850 (2d Cir.1977) (citing section 101 of the Act (8 U.S.C. § 1101(a)(31)) which provides that "a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law"), cert. denied, 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978).
Similarly, the deportable aliens are "permanently" residing in the United States under color of law until a final determination of deportability is made following a hearing pursuant to 8 U.S.C. § 1252 (b). The phrase "under color of law" includes "actions not covered by specific authorizations of law." Holley, 553 F.2d at 849. The discretionary refusal of the INS to use its enforcement powers to deport an alien also constitutes action "under color of law." Id. at 850. See also Papadopoulos v. Shang, 67 A.D.2d 84, 414 N.Y.S.2d 152 (1979) (where a petition for adjustment of status is pending and, under its Operating Instructions, INS would not take any steps to effect the deportation of petitioner, petitioner was, during that period of deliberate INS inaction, present in the United States under "color of law").
The dispositive question, as to twenty-one of the appellants,[2] is whether INS's *358 revocation of their authorizations to work, as a local policy matter, rendered appellants "unavailable" for work under section 443.091(1)(c)1., Florida Statutes (1985),[3] and therefore ineligible for unemployment compensation benefits.
We agree with the decision of a number of other courts that an alien who, by virtue of his or her status, is either expressly prohibited from employment by the INS or has not been granted authorization to work, is not "able and available" to work for the purpose of unemployment benefits. See Alonso v. State, 50 Cal. App.3d 242, 123 Cal. Rptr. 536 (1975), cert. denied, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976); Duenas-Rodriguez v. Industrial Commission, 199 Colo. 95, 606 P.2d 437 (1980); Lepiani v. Board of Review, Department of Labor and Industry, 169 N.J. Super. 72, 404 A.2d 318 (1979); Bastas v. Board of Review, Department of Labor and Industry, 155 N.J. Super. 312, 382 A.2d 923 (1978); Pinilla v. Board of Review, Department of Labor and Industry, 155 N.J. Super. 307, 382 A.2d 921 (1978).
Appellants suggest that INS's revocation of their employment authorizations was arbitrary, ill-motivated and not in accordance with the law. The State responds that immigration is a matter of exclusive federal jurisdiction and where INS denies or revokes an alien's work authorization, effectively rendering him ineligible for governmental benefits to which he may otherwise be entitled, even if the action is unlawful, the INS determination is binding on the states and can be assailed only before a federal agency or in federal court. We agree with the State. See Lepiani, 404 A.2d at 320; see also De Canas v. Bica, 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976); Mukadam v. U.S. Department of Labor, Employment and Training Administration, Region II, 458 F. Supp. 164 (S.D.N.Y. 1978). As to those twenty-one appellants whose authorizations to work were affirmatively revoked by INS, the decision of the State of Florida denying their claims for benefits must be affirmed.
As to the remaining five appellants whose work authorizations have not been affirmatively revoked by INS,[4] the State contends that they are ineligible for unemployment benefits under section 443.101(7), Florida Statutes (1985) because they are not permanently residing in the United States "under color of law." The argument is made that these five appellants cannot rely on the line of cases which hold that an alien resides in the country "under color of law" for the purpose of benefits where his application for lawful status is pending, see St. Francis Hospital v. D'Elia, 71 A.D.2d 110, 422 N.Y.S.2d 104 (1979), aff'd, 53 N.Y.2d 825, 422 N.E.2d 830, 440 N.Y.S.2d 185 (1981); Papadopoulos, or where INS has indicated that it does not intend to deport the alien under presently existing circumstances. See Holley. The State's reasoning is that in this case none of the five have applied for political asylum or residency and, further, INS has not indicated that it does not intend to exclude or deport them from the United States. We reject the argument.
Although the five appellants are subject to being excluded or deported at some time in the future, if the government pursues and prevails, they have, nevertheless, been *359 given alien identification cards and authorizations to work, by or with the approval of INS, and thus are "otherwise ... permanently residing in the United States under color of law" as the phrase is defined by Florida law. The quoted phrase from section 443.101(7), Florida Statutes (1985) instructs that the State, and not INS, is to make the eligibility determination for the purpose of state unemployment benefits. According to the state statute, which is all that we need construe, all five appellants fall under the classification of aliens "otherwise ... permanently residing in the United States under color of law." Their eligibility must be presumed to continue until their status is changed by an affirmative INS action.
Affirmed in part; reversed in part and remanded for further consistent proceedings.
SCHWARTZ, Chief Judge (specially concurring).
I agree entirely with the court's opinion on both issues before us. I wish only, by way of supplement to the conclusion that the appellants are in this country "under color of law," to point out that it is admitted that they cannot be excluded or deported without a prior hearing, the very existence and necessity of which establish that the government may not, and that they may, prevail. Since they have not yet been granted the required hearing, it inevitably follows that they are residing in the United States "under color of [the] law" which grants them that right.
NOTES
[1] Section 443.101(7) provides in part:

An individual shall be disqualified for benefits:
* * * * * *
(7) If the division finds that the individual is an alien, unless such alien is an individual who has been lawfully admitted for permanent residence or otherwise is permanently residing in the United States under color of law (including an alien who is lawfully present in the United States as a result of the application of the provisions of s. 203(a)(7) or s. 212(d)(5) of the Immigration and Nationality Act).
[2] Alfred (Case No. 85-1575); Aristil (Case No. 85-1555); Augustin (Case No. 85-1644); Chery (Case No. 85-1719); Pierre Eugene (Case No. 85-1970); Pierre B. Eugene (Case No. 85-1574); Jadotte (Case No. 85-1745); Jeremie (Case No. 85-1749); Joachin (Case No. 85-1718); Laurint (Case No. 85-1720); Metayer (Case No. 85-1746); Morisset (Case No. 85-1554); Nordelus (Case No. 85-1645); Philogene (Case No. 85-1750); Saintil (Case No. 85-1643); Innocent (Case No. 85-1971); Jean (Case No. 85-2011); Moise (85-1934); Sanon (Case No. 85-1969); Zephyr (Case No. 85-1972); Stanis (Case No. 85-1747).
[3] § 443.091 Benefit eligibility conditions. 

(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the division finds that:
* * * * * *
(c) 1. He is able to work and is available for work.
[4] Barthold (Case No. 85-1752); Marcelus (Case No. 85-1751); Mocombre (Case No. 85-1748); Delva (Case No. 85-1935); and Perrin (Case No. 85-1933).