**Juana FLORES, Relator,**

v.

**DEPARTMENT OF JOBS AND TRAINING, Respondent.**

No. C2–86–742.

Court of Appeals of Minnesota.

Sept. 16, 1986.

Review Granted Nov. 17, 1986.

Martin A. Diaz, Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

The Department of Jobs and Training determined that relator Juana Flores was disqualified from receiving unemployment benefits because she was an alien and was unable to present proof from the Immigration and Naturalization Service of authorization to work during the period of her unemployment. We reverse.

## FACTS

Juana Flores, during all periods in question, was a Mexican national residing in the United States. The Immigration and Naturalization Service (INS) granted Flores voluntary departure status in 1982, and she received extensions of that status and employment authorization through November 1984. During her base period, while authorized to work, Flores was employed by a hotel in Minneapolis as a cook.

While Flores was receiving extensions of voluntary departure status, she was attempting to obtain immigrant status. Her petition was granted in June 1984, and in November 1984, Flores went to Mexico to receive her visa, but encountered difficulties and was stranded there. On January 4, 1985, she was paroled into the United States on humanitarian grounds, pursuant to 8 U.S.C. § 1182(d)(5), with a designated departure date of February 3, 1985. The terms of her parol did not authorize employment.

While waiting for the consulate in Mexico to reach her name on the list of future immigrants, Flores continued to seek extensions of her departure date. No extensions were granted; however, the INS did not take any steps to deport her or to hasten her departure.

Flores applied for unemployment compensation benefits effective January 6, 1985 (two days after she was paroled into the United States). Because she had been employed during her base period, she was originally granted benefits. However, a Commissioner's representative subsequently determined that Flores was ineligible to receive benefits from January 6, 1985 through November 16, 1985 because she had not received employment authorization from the INS and was therefore "unavailable" for work. Flores has appealed from determinations by the Commissioner's representative that she was not entitled to benefits and that she should repay benefits received during that time.

## ISSUES

1. Did Flores perform services during her base period while "permanently residing in the United States under color of law"?

2. Was Flores "available for work" during the period of her unemployment?

3. Was Flores required to present proof of authorization to work in order to be available for work?

## ANALYSIS

1. Minn.Stat. § 268.08, subd. 8 (1984) provides for the payment of unemployment compensation benefits to aliens:

Benefits shall not be paid on the basis of services performed by an alien unless such alien * * * was permanently residing in the United States under color of

law *at the time such services were performed* * * *.

(Emphasis supplied.) Flores devotes much of her argument to establishing that she was "at all relevant times" residing in the United States under color of law. However, according to the above statute, she was only required to reside here under color of law at the time her services were performed. Both the referee and the Commissioner's representative agreed that Flores was indeed present under color of law at the time her services were performed. Therefore, if considered separately, the language of Minn.Stat. § 268.08, subd. 8 clearly authorizes Flores to receive unemployment compensation benefits.

2. The Commissioner's representative, however, relied upon another provision of the unemployment statutes, which states:

An individual shall be eligible to receive benefits with respect to any week of unemployment only if the commissioner finds that the individual;

\* \* \* \* \* \*

(3) was able to work and was available for work * * *.

Minn.Stat. § 268.08, subd. 1. The Commissioner's representative determined that because Flores was not authorized to work during the period of her unemployment (January 6, 1985 through November 16, 1985), she was therefore "unavailable" for work and should not receive benefits.

Early cases from other jurisdictions have held that individuals are not "available for work" within the meaning of unemployment compensation statutes, due to their illegal alien status. *See Alonso v. State,* 50 Cal.App.3d 242, 123 Cal.Rptr. 536 (1975), *cert. denied,* 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976); *Duenas-Rodriguez v. Industrial Commission,* 199 Colo. 95, 606 P.2d 437 (1980); *Pinilla v. Board of Review in Department of Labor,* 155 N.J.Super. 307, 382 A.2d 921 (1978). Our statute, however, expressly denies an alien benefits only if the alien did not reside in the United States under color of law *at the time the services were performed.* If the legislature had also intended to deny benefits to

an alien who does not reside in the United States under color of law *during the period of unemployment,* the legislature could have clearly said so.

The United States Supreme Court has recently noted that the employment of an alien is not illegal. In *Sure-Tan, Inc. v. NLRB,* 467 U.S. 883, 104 S.Ct. 2803, 2809, 81 L.Ed.2d 732 (1984), the court held that aliens are protected by the National Labor Relations Act against unfair labor practices. *Sure-Tan* thus supports Flores' argument that she was entitled to receive unemployment compensation even though she was not authorized to work by the INS. As Flores notes, the policy reasons of *Sure-Tan* are also applicable here. In *Sure-Tan,* the incentive to hire aliens instead of United States citizens was lessened by the court's conclusion that aliens are protected by the National Labor Relations Act. Here, likewise, the incentive to hire aliens would be lessened if they are entitled to receive unemployment compensation benefits under circumstances such as Flores'.

The Minnesota Supreme Court has indicated that whether an individual is "available for work" must be determined under the specific facts of each case. *Swanson v. Minneapolis Honeywell Regulator Company,* 240 Minn. 449, 452–455, 61 N.W.2d 526, 529–30 (1953). In other contexts, the court has construed the phrase in the following manner:

A claimant must be "accessible or attainable for work when suitable work is offered at such hours as are customary in the type of employment to which he is suited." He must be "genuinely attached to the labor market." *Olson v. Starkey,* 259 Minn. 364, 371, 107 N.W.2d 386, 391 (1961). A claimant "may not limit [his] availability because of personal or domestic reasons unrelated to [his] employment." *Thompson v. Schraiber,* 253 Minn. 46, 48, 90 N.W.2d 915, 916 (1958). The claimant should be interested, willing, and ready to accept available employment. *Olson v. Starkey, supra.*

*Hansen v. Continental Can Co.*, 301 Minn. 185, 221 N.W.2d 670, 672 (1974).

A statute should be construed as a whole, and the meaning of the word should be determined from its context within the entire statute. *Tankar Gas v. Lumber Mens' Mutual Casualty Co.*, 215 Minn. 265, 269–70, 9 N.W.2d 754, 757–58 (1943). In the present situation, the legislature specifically addressed aliens' legal qualifications for benefits in section 268.08, subd. 8. To construe the availability provision of the statute as imposing additional conditions upon an alien's legal status would stretch the definition of "availability" beyond its intended bounds.

3. In light of our conclusion that the term "available" refers to an individual's willingness to accept work, and does not also require that an individual such as Flores be authorized to work, it follows that Minn. R. pt. 3305.0500, subp. 3 (1985), which requires that aliens present proof of their authorization to work, is invalid. A rule promulgated pursuant to statutory authority:

> is valid and is as binding upon a court as a statute if it is (a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable. *[State, by Spannaus v.] Hopf*, 323 N.W.2d (746) at 752 [Minn.1982] (quoting 1 K. Davis, *Administration Law Treatise*, § 50.03 at 299, (1958); Minn.Stat. § 14.38, subd. 1 * * *.

*Blocher Outdoor Advertising Co. v. Minnesota Department of Transportation*, 347 N.W.2d 88, 91 (Minn.Ct.App.1984). Here, the rule conflicts with the statutory meaning of "available," and therefore cannot be viewed as "within the granted power."

## DECISION

Relator is entitled to receive unemployment compensation benefits. Minn. R. pt. 3305.0500, subp. 3, requiring that she present proof of authorization to work, is invalid.

**Reversed.**