### CHI YUAN CHEN, Po Han Chen, Petitioners,

### v.

### Alberto GONZALES, Attorney General of the United States, Respondent.

### Nos. 06–1143–ag(L), 06–1145–ag(CON).

United States Court of Appeals, Second Circuit.

May 21, 2007.

Eric W. Schultz, Sacks, Kolken & Schultz, Buffalo, NY, for Petitioners.

Andrew M. McNeela, Assistant United States Attorney, of counsel (Kathy S. Marks, Assistant United States Attorney, of counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

Present: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioners, Chi Yuan Chen ("Chi") and Po Han Chen ("Po"), citizens of Taiwan, seek review of a February 28, 2006 opinion of the BIA affirming immigration judge ("IJ") Philip J. Montante Jr.'s October 19, 2004 decision finding both petitioners removable. *In re Chi Yuan Chen and Po Han Chen*, Nos. A77–901–811 and A95–421–120 (B.I.A. Feb. 28, 2006), *aff'g* A77–901–811 and A95–421–120 (Immig. Ct. Buffalo Oct. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

 The petitioners contend that the BIA erred in denying their motion to suppress the identification documents used to prove their removability. This claim is meritless. A Fourth Amendment violation does not, by itself, justify suppression of evidence in the course of a civil deportation proceeding: "Important as it is to protect the Fourth Amendment rights of all persons, there is no convincing indication that application of the exclusionary rule in civil deportation proceedings will contribute materially to that end." *INS v.*

*Lopez–Mendoza,* 468 U.S. 1032, 1046, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). Suppression is appropriate, however, *"either* because the violation 'transgress[ed] notions of fundamental fairness,' *or* because the violation 'undermine[d] the probative value of the evidence obtained.' " *Almeida–Amaral v. Gonzales,* 461 F.3d 231, 234 (2d Cir.2006) (emphasis in original) (quoting *Lopez–Mendoza,* 468 U.S. at 1050–51, 104 S.Ct. 3479).

■ Neither of these exceptions applies here. Petitioners can point to no reason why these documents are unreliable. Furthermore, the officers' conduct did not transgress notions of fundamental fairness. Immigration officials can "without warrant ... interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States." 8 U.S.C. § 1357(a)(1). We have stated that this provision "permits I.N.S. officers to interrogate and temporarily detain an alien upon circumstances creating a reasonable suspicion, not rising to the level of probable cause to arrest, that the individual so detained is illegally in this country." *Ojeda–Vinales v. INS,* 523 F.2d 286, 287 (2d Cir.1975) (internal quotation marks omitted). Here, the investigators had, at a minimum, reasonable suspicion that Chi had violated the immigration laws as the A-number on his Social Security application belonged to another immigrant. After further questioning to determine whether Chi had fraudulently filled out the Social Security application, there was probable cause for an arrest. In contrast to petitioner's contention, no arrest warrant was constitutionally necessary because the arrest occurred in a public place and was for a felony. *See Maryland v. Pringle,* 540 U.S. 366, 370, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) ("A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause."); *Inter–Neighborhood Hous. Corp. v. NLRB,* 124 F.3d 115, 121 (2d Cir.1997) (noting that "giving false statements to the government is a felony, *see* 18 U.S.C. § 1001").[1]

The petitioners also claim that the statements contained in the I–213 report were obtained in violation of 8 C.F.R. § 287.3(a) which provides that "[a]n alien arrested without a warrant of arrest ... will be examined by an officer other than the arresting officer." We have held that a removal proceeding should be terminated where "the INS fails to adhere to its own regulation and the regulation was promulgated to protect a fundamental right derived from the Constitution or a federal statute." *Montero v. I.N.S.,* 124 F.3d 381, 386–87 (2d Cir.1997) (internal quotation marks and alteration omitted). We need not resolve whether " § 287.3(a) implicates a fundamental right derived from the Constitution," because petitioners have not demonstrated that the immigration authorities "fail[ed] to adhere" to it.[2] *Id.* Chi simply could not recall the questioning, so he has not produced any evidence to prove that he was examined by the arresting

---

1. The petitioners also argue that the search of their mother's home was unconstitutional, but the constitutionality of that is irrelevant as petitioners were not found removable based on any document obtained from that search.

2. "[I]f the regulation does not affect a fundamental right derived from the Constitution, the proceeding will be invalidated only if the petitioner shows prejudice-that the INS's infraction affected either the outcome or the overall fairness of the proceeding." *Id.* Petitioners cannot show prejudice.

officer. *See Matter of Burgos,* 15 I. & N. Dec. 278, 279 (B.I.A. 1975) (stating that because petitioner is "rais[ing] the claim questioning the legality of the evidence[, he] must come forward with proof establishing a prima facie case before the Service will be called on to assume the burden of justifying the manner in which it obtained the evidence").

Finally, the petitioners argue that the BIA erred in analyzing their claim under the Fourth Amendment instead of under the "the Fifth Amendment standards of due process and fundamental fairness." The BIA case on which they rely, however, analyzes Fifth Amendment claims under the same standard as Fourth Amendment claims. *See Matter of Toro,* 17 I. & N. Dec. 340, 343 (B.I.A. 1980) ("To be admissible in deportation proceedings, evidence must be probative and its use fundamentally fair so as to not deprive respondents of due process of law as mandated by the fifth amendment."). The BIA therefore did not err in dismissing petitioners' claims after finding that the use of the evidence obtained here was fundamentally fair.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, the pending motions for stays of removal in these petitions are DISMISSED as moot.