**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2132-15T4

NICOLE L. DUFAULT,

    Claimant-Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, and SOUTH ORANGE AND
MAPLEWOOD BOARD OF EDUCATION,

    Respondents-Respondents.

_____

Submitted April 25, 2017 — Decided  May 9, 2017

Before Judges Yannotti and Gilson.

On appeal from the Board of Review, Department
of Labor, Docket No. 051,485.

Caruso Smith Picini, P.C., attorneys for
appellant (Steven J. Kaflowitz, on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent Board of Review
(Melissa Dutton Schaffer, Assistant Attorney
General, of counsel; Peter H. Jenkins, Deputy
Attorney General, on the brief).

Respondent South Orange and Maplewood Board
of Education has not submitted a brief.

PER CURIAM

Nicole L. Dufault appeals from a final decision of the Board of Review, which found that she was disqualified from receiving unemployment compensation benefits pursuant to N.J.S.A. 43:21-5(a) and (b). We affirm.

Dufault was employed by the South Orange and Maplewood Board of Education (the BOE) as a tenured, high school English teacher. The BOE suspended Dufault with pay at the beginning of the 2014-2015 school year. In February 2015, the BOE suspended Dufault without pay, effective March 1, 2015. On February 22, 2015, Dufault filed an application for unemployment compensation benefits.

A deputy director in the Division of Unemployment and Disability Insurance determined that Dufault was disqualified for benefits pursuant to N.J.S.A. 43:21-5(b) because she was suspended or discharged for gross misconduct connected with the work. Dufault appealed the Deputy's determination to the Appeal Tribunal, which held a hearing in the matter on April 30, 2015.

At the hearing, counsel for the BOE stated that the BOE suspended Dufault with pay at the beginning of the 2014-2015 school year when she was arrested. Counsel for the BOE stated that the BOE later suspended Dufault without pay as of March 1, 2015, because an Essex County grand jury had returned an indictment charging her with multiple counts of aggravated sexual assault and

endangering the welfare of a child. The BOE's attorney stated that the Essex County Prosecutor's Office (ECPO) had advised the BOE that the charges were based on allegations that Dufault had engaged in sexual acts with multiple male students. After it was informed of the indictment, the BOE suspended Dufault without pay.

Dufault testified that the last day she worked as a teacher in the South Orange and Maplewood school district was September 15, 2014. When questioned by the appeals examiner about the charges, Dufault invoked her Fifth Amendment privilege against self-incrimination and refused to answer any additional questions.

The appeals examiner issued a decision on April 30, 2015. The examiner found that Dufault was disqualified from benefits pursuant to N.J.S.A. 43:21-5(b) because she had been discharged for gross misconduct connected with the work. The examiner noted that Dufault had been charged with multiple offenses that were punishable as crimes of the first, second, third, or fourth degree under the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 to 104-9.

Dufault appealed the Appeal Tribunal's determination to the Board, which issued a decision on September 15, 2015. The Board remanded the matter to the Appeal Tribunal for another hearing. In its decision, the Board stated that additional testimony from Dufault and the employer was required with regard to whether

Dufault was guilty of the charges for which she had been suspended and later discharged. In its decision, the Board stated that the Appeal Tribunal should advise Dufault of "her responsibility to move the appeal, and of the consequences for her failure to do so."

The Appeal Tribunal conducted the second hearing on October 6, 2015. At the hearing, the BOE's attorney noted that the ECPO was handling Dufault's criminal case and he was unaware of the status of the matter. He also stated that Dufault had resigned from her position in the school district as of July 21, 2015, pursuant to a settlement agreement between Dufault and the BOE.

The settlement agreement states in pertinent part that Dufault "wishes to irrevocably resign" her position, as of July 21, 2015. The BOE's attorney indicated that he did not know if the BOE would have proceeded with the termination charges if Dufault had not resigned. He also said he did not know if Dufault would have been fired if she was completely exonerated on all of the criminal charges.

The appeals examiner asked Dufault if she was guilty of the charges. Dufault again asserted her Fifth Amendment privilege against self-incrimination and refused to answer the question. The appeals examiner told Dufault that if she was not going to answer the question, he could draw an adverse inference from her refusal

to testify. Dufault conceded, however, that she had resigned her position with the school district. She stated that her attorney told her she was going to be discharged, but she acknowledged that the BOE did not tell her she was going to be terminated. Dufault said the criminal charges were pending, but they were allegations.

Dufault's attorney noted that in the settlement agreement, the BOE had agreed it would not take any adverse action regarding Dufault's claim for unemployment benefits. The BOE's attorney stated, however, that the BOE was merely participating in the hearing. He said the BOE was not taking any adverse action regarding her claim.

The appeals examiner issued a decision on October 8, 2015. The examiner found that Dufault was disqualified for benefits pursuant to N.J.S.A. 43:21-5(a) and (b). Dufault appealed the Appeal Tribunal's decision to the Board, and the Board issued a decision on December 17, 2015, affirming the Tribunal's decision.

The Board found that Dufault was disqualified for benefits as of July 19, 2015, pursuant to N.J.S.A. 43:21-5(a) because she left her position for personal reasons, not for reasons connected with the work. The Board found that the BOE never told Dufault she would be fired if she did not resign. The Board determined that the BOE did not terminate Dufault. She chose to resign. The Board decided that because Dufault voluntarily left her position without

good cause attributable to the work, she was disqualified from receiving benefits.

The Board also found that Dufault was disqualified from benefits as of February 22, 2015, pursuant to N.J.S.A. 43:21-5(b) because she was discharged for gross misconduct connected with the work. The Board noted that Dufault had been charged with offenses that were punishable as first, second, third, or fourth-degree crimes under the Code of Criminal Justice. She had invoked her right against self-incrimination and refused to answer questions regarding the charges.

The Board stated that a negative inference could be drawn from Dufault's refusal to testify about the charges. The Board observed that if Dufault was not guilty, there was no reason for her to refuse to answer questions about the charges. The Board wrote, "The only reasonable explanation for the claimant's refusal to provide a response to the Appeal Tribunal's question is that she is, in fact, guilty of the charges on which she has been indicted. No other conclusion is logical or credible." This appeal followed.

On appeal, Dufault argues: (1) the BOE did not prove that she had been terminated for gross misconduct; (2) she should receive unemployment benefits because her claim was not decided

expeditiously; and (3) the BOE should be bound by the terms of the settlement agreement.

The scope of our review in an appeal from a final determination of an administrative agency is strictly limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing Pub. Serv. Elec. & Gas Co. v. N.J. Dep't of Envtl. Prot., 101 N.J. 95, 103 (1985)). The agency's decision may not be disturbed unless shown to be arbitrary, capricious or unreasonable. Ibid. (citing In re Warren, 117 N.J. 295, 296 (1989)).

We can only intervene "'in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy.'" Ibid. (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)). Furthermore, "[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)).

Here, the Board found that Dufault was disqualified from unemployment compensation benefits under N.J.S.A. 43:21-5(a), which provides that an individual may not receive benefits if the

individual "left work voluntarily without good cause attributable to such work[.]" Although the statute does not define the term "good cause," it has been construed to mean "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)).

There is sufficient credible evidence in the record to support the Board's finding that Dufault resigned her job voluntarily, without good cause attributable to the work. She conceded that she resigned her position in accordance with the settlement she reached with the BOE. There is no evidence that the BOE had threatened to terminate Dufault. On appeal, Dufault does not argue that she resigned her position for good cause attributable to the work.

Rather, Dufault argues that she is entitled to benefits because the BOE agreed it would not take any adverse action with regard to her claim for unemployment compensation benefits. We disagree. As the record shows, the BOE participated in both hearings. At the second hearing, the BOE's attorney provided the appeals examiner with information about Dufault's pending criminal charges and her resignation. The BOE did not, however, take any adverse position regarding the claim.

Although the BOE agreed it would not take any action adverse to Dufault's claim, that agreement does not require the Board to grant Dufault's application for unemployment benefits. The Board was obligated to make its decision regarding her claim in accordance with the facts and the applicable law, regardless of any position the BOE may or may not take regarding the claim.

Based on the testimony presented at the hearing, the Board determined that Dufault was disqualified for benefits pursuant to N.J.S.A. 43:21-5(a) because she resigned her position voluntarily, without good cause attributable to the work, and pursuant to N.J.S.A. 43:21-5(b) because she was suspended and discharged for gross misconduct connected with the work. There is sufficient credible evidence in the record to support those findings.

Dufault also argues that the Board erred by finding that she was disqualified for benefits pursuant to N.J.S.A. 43:21-5(b) because she was discharged for gross misconduct in connection with the work. She argues that the BOE had the burden of proving that she was suspended or discharged for gross misconduct connected with the work, as required by N.J.A.C. 12:17-10.1(f).

Dufault contends that the only proof of her alleged gross misconduct was the hearsay statements of the BOE's attorney. Dufault contends that an administrative decision may not be based

solely upon hearsay, and under N.J.A.C. 15:1-15.5(b), each finding of fact must be supported by "some legally competent evidence."

We are not persuaded by these arguments. Dufault did not dispute that she had been indicted and charged with multiple criminal offenses. Dufault was charged with engaging in sex acts with students at her school. On appeal, Dufault concedes that if she engaged in such conduct that would constitute gross misconduct in connection with her work.

As noted previously, at the hearings before the Appeal Tribunal, Dufault asserted her Fifth Amendment right against self-incrimination and refused to answer any questions regarding the charges. Under the circumstances, the Board had the discretion to draw an adverse inference that she had, in fact, engaged in the criminal conduct for which she has been charged.

When, as in this matter, a party in a civil matter asserts the privilege against self-incrimination, the fact-finder may draw an adverse inference of guilt. Attor v. Attor, 384 N.J. Super. 154, 165-66 (App. Div. 2006) (citing Mahne v. Mahne, 66 N.J. 53, 66 (1974)). See also Bastas v. Bd. of Review, 155 N.J. Super. 312, 315 (App. Div. 1978) (holding that the Board could draw an adverse inference where claimant for unemployment benefits asserted Fifth Amendment privilege and refused to testify on facts related to the claimant's qualification for benefits); Duratron Corp. v. Republic

Stuyvesant Corp., 95 N.J. Super. 527, 531-32 (App. Div.) (concluding that in a civil action, the court may draw an adverse inference when a litigant invokes the Fifth Amendment and refuses to testify concerning a matter within his or her personal knowledge), certif. denied, 50 N.J. 404 (1967); SEC v. Greystone Nash, Inc., 25 F.3d 187, 190 (3rd Cir. 1994) (noting that "reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits") (citing Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S. Ct. 1551, 1558, 47 L. Ed. 2d 810, 821 (1976)).

Dufault further argues that the Board's decision should be reversed because the Appeal Tribunal did not process her appeals expeditiously, as required by N.J.S.A. 43:21-5(b). This argument is entirely without merit. The record shows that the Appeal Tribunal processed the appeals in an expeditious manner. Moreover, N.J.S.A. 43:21-5(b) does not provide that a claimant is entitled to benefits if an appeal is not processed in the manner required by the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2132-15T4