**Gloria STEWART, etc., Plaintiff-Appellee,**

v.

**Earl L. BUTZ, Secretary of Agriculture, et al., Defendants-Appellants,**

and

**Gail Huecker, Commissioner of the Kentucky Department of Economic Security, et al., Defendants-Appellees.**

**No. 73–1558.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1973.

Decided Jan. 25, 1974.

Michael Kimmel, Dept. of Justice, Washington, D. C., for defendants-appellants; Harlington Wood, Jr., Asst. Atty. Gen., George J. Long, U. S. Atty., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., on brief.

Paul M. Cupp, Frankfort, Ky., for appellees; Graham B. Cooke, Kurt Berggren, Legal Aid Society of Louisville, Louisville, Ky., on brief for Gloria Stewart; Paul E. Tierney, Frankfort, Ky., on brief for Gail Huecker & Commonwealth of Kentucky.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Mrs. Gloria Stewart filed this class action, alleging that she was denied her right to purchase food stamps during the month of May 1972, for the stated reason that she had purchased an amount of food stamps in excess of her quota for the preceding month. There is no dispute on the record before this court that Mrs. Stewart was wrongfully denied the right to purchase food stamps during the month in question. The District Court ordered the Secretary of Agriculture to provide Mrs. Stewart with retroactive food stamp credits. The same relief was granted to any member of her class (recipients of food stamps in the Western District of Kentucky), upon establishing a right thereto.

The only question on appeal is whether the Secretary of Agriculture or the Commonwealth of Kentucky must pay for the stamps. The District Court held that the Secretary must provide the stamps and that there is no liability on the part of the Commonwealth of Kentucky. The Secretary appeals.

Two Circuits, in cases cited below, have resolved this issue against the Secretary of Agriculture. At the time of oral arguments in the present case on November 30, 1973, petitions for certiorari in both of these cases were pending before the Supreme Court. The attorney for the Secretary stated to this court that denial of certiorari by the Supreme Court in these two pending cases, would be dispositive of the issue on the present appeal. On December 10, 1973, the Supreme Court denied certiorari in both of said cases.

Accordingly, the judgment of the District Court is affirmed insofar as it adjudged liability against the Secretary of Agriculture. Carter v. Butz, 479 F.2d 1084 (3rd Cir.), cert. denied, 414 U.S. 1103, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973); Butz v. Bermudez, 490 F.2d 718 (D.C.Cir.), cert. denied, 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973). In *Bermudez* the class was nationwide. When that decision became final on denial of certiorari, it governs the present case.

The stay order heretofore entered as to members of the class is dissolved.