**CERVECERIA INDIA, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE–Food and Nutrition Service, Defendant.**

**Civ. No. 80–0921.**

United States District Court, D. Puerto Rico.

April 29, 1980.

Eduardo Estrella, San Juan, Puerto Rico, for plaintiff.

U. S. Attys. Office, Carlos Chardón Ave, Hato Rey, Puerto Rico, for defendant.

**1012**

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

The action herein was brought by plaintiff, a wholesale vendor of soft drinks and malt, against defendant, United States Department of Agriculture–Food and Nutrition Service, which issued a decision whereby it withdrew the authorization originally granted to India to participate as a wholesale food concern in the Food Stamp Program, 7 U.S.C. § 2011, et seq. The matter comes before the court on plaintiff's motion for summary judgment.

Plaintiff's wholesale concern was originally certified as an authorized participant in the Food Stamp Program. Plaintiff was notified that its authorization was being withdrawn because staple food items, defined in Section 278.1(b)(1) of the Food Stamp Program regulations did not comprise more than 50 percent of the total food sales of plaintiff.[1] Administrative review of the proposed withdrawal of certification was requested and provided.[2] On March 27, 1980, the Food Stamp Review Officer issued his final decision to the effect that the action taken by officials of the Food Stamp Program withdrawing plaintiff's authorization to participate in the program was appropriate. Judicial review of this administrative decision was sought and is appropriate pursuant to 7 U.S.C. § 2023 and Section 279.10, of 7 C.F.R.

By motion dated June 30, 1978, both parties to this action submitted to the Court that there are no disputed issues of material fact, but only an issue of law.

■ The issue in controversy is whether the administrative decision rendered by the United States Department of Agriculture, Food and Nutrition Service, withdrawing plaintiff's authorization to participate in the Food Stamp Program as a wholesaler was within the perimeter of 7 C.F.R. 278.-1(b)(1)(c)(iii).

Section 278.1(b) states:

"(iii) Wholesale food concerns whose primary business is the sale of eligible food at wholesale, and in which one or more staple food items, as defined in section 271.2, make up more than 50 percent of eligible food sales, shall normally be considered to have adequate food business for the purposes of the program."

Section 271.2 defines staple food as:

"Staple food means those food items intended for home preparation and consumption, which include meat, poultry, fish, bread and breadstuffs, cereals, vegetables, fruits, fruit and vegetable juices, and dairy products. Accessory food items, such as coffee, tea, cocoa, carbonated and uncarbonated drinks, candy, condiments, and spices, are not staple foods for the purposes of qualifying a firm to participate in the program as a retail food store."

Section 271.2 must be read in the context of the whole regulatory act and not interpreted piecemeal. *United Mine Workers of America v. Andrews*, 581 F.2d 888 (D.C.Cir., 1978). Section 271.1(b) defines the scope of the regulations and Section 271 is therein defined as containing "general information, definitions, and other material applicable to all parts of this subchapter". Furthermore, when the meaning of the words of a regulation leads to absurd or unreasonable results, "plainly at variance with the policy of the legislation as a whole", this Court has to follow the purpose of the Act rather than the literal words. *U. S. v. American Trucking Association*, 310 U.S. 534, 542–544, 60 S.Ct. 1059, 1063–1064, 84 L.Ed. 1345 (1940). Section 271.7 defines the purpose of the food stamp program as:

"The food stamp program is designed to promote the general welfare and to safeguard the health and well–being of the Nation's population by raising the levels of nutrition among low–income households."

"necessary food items" should be considered as eligible and staple foods.

---

1. Plaintiff alleges in its amended complaint that sales in eligible and staple food items for the year 1978 constituted on or about 72% of its total sales volume and for the year 1979 on or about 68% of its total sales volume, and that

2. Full administrative review was provided as set out in 7 C.F.R. Section 2791.

The Congressional declaration of policy of the Food Stamp Program is "to safeguard the health and well–being of the Nation's population by raising levels of nutrition among low–income households". 7 U.S.C.A., Section 2011. Therefore, Congress' intention is to provide federal funds to assist poor families to purchase a nutritionally adequate diet. *Stewart v. Butz*, 356 F.Supp. 1345 (D.C.Ky., 1973), affirmed 491 F.2d 165; *Gutiérriz v. Butz*, 415 F.Supp. 827 (D.C.D.C., 1976). It would be absurd or unreasonable to accept that the purpose of the regulation, Section 271.2, was that carbonated and uncarbonated drinks are to be considered accessory food items solely "for the purpose of qualifying a firm to participate in the program as a retail food store", and that therefore, a wholesale food concern could qualify to participate in the Food Stamp Program because malt and soft drinks are considered to be staple foods, when a retail food store could not because such food items are considered to be accessory food items.

The legislative history behind the amendment of 7 U.S.C.A. 2017, now Section 2018, concerning the approval of retail food stores and wholesale food concerns, supports our opinion. The Congress states that:

> "The most specific requirement for retailer/wholesaler approval is a mandate that the applicant's food sales must include staple foods for home preparation which are the most needed in the diets of eligible households. Staple food items are considered to be those eligible foods which are most needed in the diets of eligible households, such as milk, butter, cheese, margarine . . . ." 1977 U.S. Code Cong. and Admin.News, pp. 1704, 2262–2263.

So, staple foods are not solely food items intended for human preparation and consumption, as alleged by plaintiff, but the food items must also be needed in the diets of the elegible households. Officials of the Food Stamp Program could rationally determine that accessory food items such as soft drinks and malt which cannot be considered as contributing toward a "nutritionally adequate diet", are not staple foods either for retail food stores or wholesale food concerns, and that participation of food stores selling mostly such accessory food items will not effectuate the purposes of the food stamp program, to wit: to raise the level of nutrition of low–income families.

Furthermore, great deference is due to an agency's interpretation of the meaning of its regulations. *Lucas Coal Co. v. Interior Board of Mine Operations App.*, 522 F.2d 581 (3 Cir., 1975); *Belco Petroleum v. Federal Energy Regulatory Commission*, 589 F.2d 680 (D.C.Cir., 1978). More so when it relates to matters within the field of administrative expertise. *Esquire, Inc. v. Ringer*, 591 F.2d 796 (D.C.Cir., 1978); *Committee for Open Media v. F.C.C.*, 533 F.2d 1 (D.C.Cir., 1976). Enclosed as defendant's Exhibit A is an affidavit of Mr. Dwight W. Moritz, Chief of Store Supervision Branch of the Federal Operations Division, whose official responsibility is to insure the interpretation and implementation of policy on the authorization to be granted to retail food stores and wholesale food concerns under the Food Stamp Program Regulations. According to Mr. Moritz' declaration, the agency, since the implementation of the regulation in controversy, January 1, 1979, has been applying in a uniform manner the requirement that wholesale food concerns sell more than 50% of its eligible food in staple food items, and that accessory food items are not staple foods for the purpose of evaluating the application and continued participation of wholesale food concerns as well as retail food stores.

Summary judgment [3] may be rendered in favor of the opposing party even though it has made no formal cross–motion under Rule 56 of the Federal Rules of Civil Procedure. 10 Wright and Miller, Federal Practice and Procedure, Section 2720, at 467; *Lowenschuss v. Kane*, 520 F.2d 255 (2 Cir.,

---

**3.** The Government has not filed a cross–motion for summary judgment, but merely limited itself to oppose plaintiff's request for summary judgment.

1975). The granting of summary judgment for the non—moving party in the present case is clearly proper since both sides agree that there are no material issues of fact; both joined in the request that the case be decided on the basis of memorandums of law and that judgment for non—moving party is appropriate as a matter of law.

WHEREFORE, in view of the foregoing, the Court ORDERS that plaintiff's motion for summary judgment be and is hereby DENIED; that summary judgment be hereby GRANTED as to defendant; and FURTHER ORDERS that the complaint be hereby DISMISSED.

IT IS SO ORDERED.