**Olivia VELEZ, Plaintiff,**

v.

**Gregory L. COLER, in his Official capacity as Secretary of the Florida State Department of Health and Rehabilitative Services, Defendant.**

**No. 90–697–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

June 27, 1991.

Suzanne Harris, Florida Rural Legal Services, Inc., Bartow, Fla., for plaintiff.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's motion for summary judgement and Defendant's response and counter motion for summary judgement.

Summary judgement may be granted if the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. *Fed.R.Civ.P.* 56(c). Both parties agree that there are no genuine issues as to any material fact.

In this case Plaintiff is a migrant farmworker and a citizen of the United States. Plaintiff's husband entered the United States illegally and applied for legalization under § 210(a) of the Immigration and Nationality Act, 8 U.S.C. § 1160(a), in October of 1987 as a Special Agricultural Worker (SAW). Plaintiff's husband established that he was prima facie eligible for legalization and paid the filing fee in October, 1987, at which time he was issued a 1–688(a) work authorization card. In December of 1987 Plaintiff applied for food stamp benefits for herself and her household. The Florida Department of Health and Rehabilitative Services (HRS) authorized food stamps on behalf of Plaintiff and her husband. In April, 1988, INS issued Plaintiff's husband's temporary residence card with the issue date of October 30, 1987, the date when he established his prima facie eligibility for legalization. However, on September 28, 1989, HRS determined that Plaintiff's husband had not been eligible and notified Plaintiff she had been overpaid $79 in food stamp benefits in December, 1987.

Plaintiff asserts that Defendant's action of determining Plaintiff was overpaid violates 7 U.S.C. § 2015(f), 7 C.F.R. § 273.4(10) and hence violates 42 U.S.C. § 1983. Plaintiff seeks a declaration that Defendant's interpretation that SAW applicants who have received work authorization cards, but not temporary resident cards, are ineligible for food stamps is contrary to federal statutes and regulations. Plaintiff further seeks to enjoin Defendant from collection of the food stamp overpayment.

The issue to be decided is whether a SAW becomes eligible for food stamps when he establishes prima facie legalization and receives a 1–688 work permit, or whether an SAW becomes eligible only when he actually receives his temporary residence card. Resolution of this issue depends on both the Food Stamp Program and the Immigration and Nationality Act.

The Food Stamp Act provides that no individual shall be eligible for food stamps unless he is "an alien lawfully admitted for permanent residence as an immigrant as defined by sections 1101(a)(15) and 1101(a)(20) of Title 8, excluding, among others, alien visitors, tourists, diplomats, and students who enter the United States temporarily with no intention of abandoning their residence in a foreign country." 7 U.S.C. § 2015(f). The regulations of the Food Stamp Act specify that eligibility for food stamps is extended to "an alien who is, as of June 1, 1987, or thereafter, a Special Agricultural Worker and lawfully admitted for temporary residence in accordance with Section 210(a) of the Immigration and Nationality Act." 7 C.F.R. § 273.4(a)(10).

Section 1101(a)(15) of the Immigration and Nationality Act (INA) defines immigrant as every alien except those within certain classifications, which is not relevant here. Section 1101(a)(20) defines the term "lawfully admitted for permanent residence" as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the Immigration laws, such status not having changed." Furthermore, Section 1160(a)(5) of the Immigration and Nationality Act states that an alien who acquires the status of an alien lawfully admitted for temporary residence is considered an alien lawfully admitted for permanent residence as described in section 1101(a)(20).

Under section 1160(a) of the Immigration and Nationality Act, when the Attorney General determines that the alien meets the requirements therein, the status of the alien is adjusted to that of an alien lawfully admitted for temporary residence. 8 U.S.C. § 1160(a). Those persons who present "credible" applications for adjustments under § 210(a) are granted temporary admission to the United States, are provided a form 1–688 work permit, and may not be deported or excluded. 8 U.S.C. § 1160(d)(3)(A) & (B), 8 C.F.R. § 210.2(3)(iv), 210.4(b)(2), *Haitian Refugee Center, Inc. v. Nelson*, 872 F.2d 1555, 1558 (11th Cir.1989). The regulations state that "[t]he status of an alien whose application for temporary resident status is approved shall be adjusted to that of a lawful temporary resident as of the date on which the fee was paid...." 8 C.F.R. § 210.4(a) & (b). Section 1160(a)(2) provides the date on which the "Attorney General shall adjust the status of the alien to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1160(a)(2). Thus, "an alien who is granted temporary residence under the SAW program is ultimately eligible for admission as a permanent resident." *Nelson* at 1558.

■ Defendant contends that the INS regulations "do not govern food stamp eligibility determinations which are administratively within the domain of the USDA." Defendant relies on the principle of statutory construction "that a court cannot reject an agency's interpretation of a statute *it administers* if that interpretation is within the range of permissible interpretations, even though the court might have chosen a different one." (emphasis in original) (Dkt. No. 7 at 3), *Sudomir v. McMahon*, 767 F.2d 1456, 1459 (9th Cir.1985).[1] However, in determining whether an alien will be eligible for food stamps, the Food Stamp Act specifically relies on the definition of "an alien lawfully admitted for permanent residence" as it is "defined by sections 1101(a)(15) and 1101(a)(20) of Title 8" and the regulations of the Food Stamp Act specify that eligibility for food stamps is extended to "an alien who is, as of June 1, 1987, or thereafter, a Special Agricultural Worker and lawfully admitted for temporary residence in accordance with Section 210(a) of the Immigration and Nationality Act." 7 C.F.R. § 273.4(a)(10).

■ Thus, although the Food Stamp Act is within the administrative realm of the United States Department of Agriculture (USDA) and the Department of Health and Rehabilitative Services (HRS), in relation to SAWs the Act specifically relies on the definition of eligible aliens within the Immigration and Nationality Act. Therefore, the only reasonable interpretation of the Food Stamp Act is that the USDA and HRS will interpret the eligibility of aliens in accordance with the interpretation of their status as aliens by INS. To allow the USDA and HRS to interpret the Immigration and Nationality Act differently than

---

**1.** The Defendant also relies on the *Sudomir* court's interpretation of the phrase "permanently" residing for purposes of eligibility for AFDC. However, since the eligibility requirements for AFDC differ from those for food stamps, that definition is not particularly relevant here. Furthermore, the *Sudomir* court's interpretation has been expressly rejected by the Third District Court of Appeal of Florida. *Solis v. Department of Health and Rehabilitative Services*, 546 So.2d 1073, 1075 f.n. 5 (citing *Alfred v. Florida Department of Labor and Employment Security*, 487 So.2d 355 (Fla. 3d DCA 1986), *Holley v. Lavine*, 553 F.2d 845 (2d Cir.1977), *cert. denied*, 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978)).

the INS, which administers the Immigration and Nationality Act, would be contradictory to the rule of statutory construction on which Defendant relies. The INS has the power to administer the Immigration and Nationality Act and to interpret its provisions reasonably. To allow one government agency to treat a person as lawfully admitted for temporary residence, while another government agency denies the same person an entitlement under the law because of *its* interpretation that they are *not* lawfully admitted for temporary residence would lead to arbitrary results. Statutes should be interpreted to avoid arbitrary results. *Bulk Distribution Centers, Inc. v. Monsanto Co.*, 589 F.Supp. 1437 (S.D.Fla.1984). Each state agency "should not separately interpret federal immigration law." *Castillo v. Jackson*, 207 Ill.App.3d 799, 152 Ill.Dec. 717, 566 N.E.2d 404 (Ill. 1st DCA 1990).[2]

■ Although USDA and HRS officials possess expertise in food stamp matters, they have no special expertise in immigration matters. Therefore, their opinions regarding when a SAW applicant becomes "lawfully admitted for temporary residence in accordance with Section 210(a) of the Immigration and Nationality Act" is entitled to no more than ordinary deference. *Hamilton v. Butz*, 520 F.2d 709, 713–714 (9th Cir.1975) (*aff'd*, 491 F.2d 165).[3] "Less

deference is owed and agency's regulation which interprets only under general authority, as opposed to specific grant of authority." *Castillo*, 152 Ill.Dec. at 717, 566 N.E.2d at 404 (citing *United States v. Vogel Fertilizer Co.*, 411 U.S. 546, 550, 93 S.Ct. 1713, 1716, 36 L.Ed.2d 528, 533 (1982)). Here, neither the USDA nor HRS was specifically authorized by Congress to interpret the phrases within the INA. Moreover, a regulation which is fundamentally at odds with congressional design will not be sustained. *Id.* Congress clearly intended the definition of eligible aliens to be interpreted under the INA. Neither the USDA nor HRS should be permitted to circumvent Congress' intent by limiting the documentation acceptable as evidence of eligible alien status, effectively changing the definition of which aliens are "lawfully admitted for temporary residence" for purposes of the Food Stamp Act.[4]

■ Plaintiff's husband was clearly "lawfully admitted for temporary residence" as that phrase is defined and interpreted under the INA and its regulations. He presented a "credible" application under § 210(a) of the INA in October, 1987 and was granted temporary admission to the United States at that time. His status was adjusted to that of a lawful temporary resident as of October, 1987, when he paid the filing fee and he was ultimately eligible

2. "It is an elementary rule of Administrative law that administrative regulations are valid only if they are consistent with the enabling legislation." *Stewart v. Butz*, 356 F.Supp. 1345, 1351 (W.D.Ky.1973) (citing *Townsend v. Swank*, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971), *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968)). Here, the enabling statute bases eligibility on the status of an alien as defined by the Immigration and Nationality Act. Therefore, an administrative regulation under the Food Stamp Act inconsistent with the INA's interpretation of the Immigration and Nationality Act would be invalid.

3. Although state food stamp officials may have the authority to require a temporary residence card as verification of immigration status under 42 U.S.C. § 1320b–7, the state must also "provide a reasonable opportunity to submit to the State evidence indicating a satisfactory immigration status, and ... may not delay, deny, reduce or terminate the individual's eligibility for benefits under the program on the basis of

the individual's immigration status until such a reasonable opportunity has been provided ..." It is questionable whether it would be considered a "reasonable opportunity" to require a SAW to submit a temporary residence card prior to the time the INS issues the card, since INS has already found the SAW prima facia eligible for temporary residence and the date when the card is mailed is arbitrary, depending on INS's administrative constraints to a large extent.

4. Defendant contends that "Plaintiff's claim of retroactive payment is expressly barred by the federal government." (Dkt. 7 at 3) However, Plaintiff is not claiming entitlement to retroactive payment; Plaintiff is claiming entitlement to payments began when Plaintiff's husband established prima facia legalization, paid his fee, and was issued a temporary work card. It is Defendant who seeks to retroactively define an SAW's eligibility for food stamps, thus determining that a SAW Defendant originally found to be eligible was, in fact, not eligible. (Dkt. 13 at 2).

for admission as a permanent resident. Because neither the USDA nor HRS has the authority to change INS' definition or interpretation of that phrase, Defendant's action of determining that Plaintiff's household was overpaid food stamps in December, 1987 violates 7 U.S.C. § 2015(f) and 7 C.F.R. § 273.4(10). Therefore, Defendant violated 42 U.S.C. § 1983 by denying Plaintiff an entitlement under federal law. Plaintiff's husband was eligible for food stamp assistance in December, 1987 as HRS originally determined. Defendant is hereby enjoined from further attempts to collect a food stamp overpayment against Plaintiff based upon her household's receipt of food stamp benefits for December, 1987. Defendant is ordered to pay a reasonable attorney's fee to Plaintiff pursuant to 42 U.S.C. § 1988. Plaintiff is ordered to submit affidavits in support of a reasonable attorney's fee within a reasonable time from the date of this order. Defendant is ordered to respond to plaintiff's affidavit within 10 days of Plaintiff's filing. The court hereby reserves jurisdiction to determine a reasonable attorney's fee.

ORDERED that Plaintiff's motion for summary judgement is granted. The Clerk of Court is directed to enter final judgement in favor of Plaintiff.

DONE and ORDERED.