PER CURIAM:
 

 Olivia Velez is a migrant farm worker and a citizen of the United States. In October, 1987, Mrs. Velez’s husband, having entered the United States illegally, applied for legalization as a special agricultural worker (“SAW”) under section 210(a) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1160(a).
 
 [1]
 
 Mr. Velez established prima facie eligibility for legalization, paid the application fee and was issued a work authorization card.
 

 In December, 1987, while Mr. Velez’s application for legalization was pending, Mrs. Velez applied to the Florida Department of Health and Rehabilitative Services (“HRS”) for food stamps. The Food Stamp Act regulations indicate that an alien is eligible for food stamps if s/he is, “as of June 1, 1987, a SAW and lawfully admitted for temporary residence in accord with § 210 of the Immigration and Nationality Act.” 7 CFR § 273.4(a)(10) (1992). HRS authorized food stamps for Mr. and Mrs. Velez, mistakenly, it appears, for it is the position of the Department in this action that a SAW is not eligible for food stamps until he or she is issued a temporary residence card.
 

 In April, 1988, the INS issued a temporary residence card for Mr. Velez. The card bore, as its date of issuance, October 30, 1987, the date on which Mr. Velez initially applied for legalization. In September, 1988, HRS notified Mrs. Velez that her husband had not been eligible for food stamps during the pendency of his application for legalization and sought a refund of $79 for the December, 1987 food stamp payment.
 

 Mrs. Velez brought suit in the District Court for the Middle District of Florida, seeking to enjoin HRS from collecting the alleged overpayment. The district judge, after a thorough attempt to map out the interaction of the Food Stamp Act and INA regulations governing the status of aliens, concluded that Mr. Velez was eligible for food stamps in December, 1987 and found that HRS was therefore not entitled to a refund, 767 F.Supp. 253. Gregory Coler, Secretary of the Department of Health and Rehabilitative Services, appealed to this court on behalf of HRS.
 

 Statutory Background
 

 Congress enacted the Food Stamp Act, 7 U.S.C. § 2011
 
 et seq.,
 
 in 1964 with the stated purpose of “safeguardpng] the health and well-being of the Nation’s population by raising levels of nutrition among low-income households ... [by permitting] low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation.” 7 U.S.C. § 2011 (1989). An alien who has been lawfully admitted for permanent residence in accordance with the Immigration and Nationality Act is among
 
 *649
 
 those eligible for food stamps. 7 U.S.C. § 2015(f).
 
 [2]
 

 Congress extended food stamp eligibility to special agricultural workers admitted for temporary residence through regulations pertaining to the Food Stamp Act. Title 7 CFR section 273.4(a)(10) extends food stamp eligibility to “an alien who is, as of June 1, 1987, or thereafter, a special agricultural worker and lawfully admitted for temporary residence in accordance with Section 210(a) of the Immigration and Nationality Act.”
 

 Discussion
 

 The issue before this court is whether Mr. Velez became lawfully admitted for temporary residence, and thus eligible to receive food stamps, on the date he applied for legalization or on the date that he was issued a temporary residence card. The date of issuance on Mr. Velez’s card is October 30, 1987 and it is clear from the statute that, when the card was issued, Mr. Velez was deemed to have been a lawful temporary resident of the United States since October, 1987. See 8 CFR § 210.4 (1992). However, it was not certain that Mr. Velez would be approved for temporary resident status until April, 1988, when the application process was completed. Thus, in December, 1987, Mr. Velez did-not have proper status under the Food Stamp Act and was not eligible for food stamps.
 

 Issuance of Mr. Velez’s card made him a lawful temporary resident effective October 30, 1987 and thereby made him retroactively eligible for food stamps under the applicable statutes. While HRS was not authorized to issue food stamps to the Velez family in December, 1987, it cannot now retract those benefits. Mr. Velez received food stamps in December to which he was not then entitled but to which he subsequently became entitled. His subsequent entitlement “validates” an originally unauthorized distribution. Had the Immigration and Naturalization Service (“INS”) ultimately denied Mr. Velez temporary resident status, the state would have been entitled to recoupment. Had HRS sought its refund during the pendency of Mr. Velez’s application, it would be entitled to a refund until Mr. Velez’s status became certain. However, once INS issued a temporary residence card, insofar as 7 U.S.C. section 2015(f) is concerned, Mr. Velez was entitled to apply for and receive food stamps for the period beginning October 30, 1987.
 

 The appellant suggests that HRS should provide SAW applicants with food stamps during the application period and then seek recoupment from those ultimately rejected for temporary residence. Until a SAW is issued a temporary resident card, however, he or she has not achieved the status of temporary residence required by statute for receipt of food stamps. Therefore, HRS is not required to issue food stamps until issuance of the temporary residence card.
 

 Subject to the mandate of any other regulations not brought to our attention, we find that, as of April, 1988, but not before, Mr. Velez was entitled to food stamps both prospectively and retroactive to his date of application. Given the successful outcome of Mr. Velez’s application for legalization, the Department of Health and Rehabilitative Services is not entitled to a refund of benefits conferred upon the Velez family
 
 *650
 
 during the pendency of that application and the judgment of the District Court is:
 

 AFFIRMED.
 

 [1]
 

 . This section provides, in relevant part:
 

 The Attorney General shall adjust the status of an alien to that of an alien lawfully admitted for temporary residence if the Attorney General determines that the alien meets the following requirements:
 

 (A) Application period
 

 The alien must apply for such adjustment during the 18-month period beginning on the first day of the seventh month that begins after November 6, 1986.
 

 (B) Performance of Seasonal Agricultural Services and Residence in the United States
 

 The alien must establish that he has
 

 (i) resided in the United States, and
 

 (ii) performed seasonal agricultural services in the United States for at least 90 man-days
 

 during the 12-month period ending on May 1, 1986....
 

 (C) Admissible as immigrant The alien must establish that he is admissible to the United States as an immigrant, except as otherwise provided under subsection (c)(2) of this section.
 

 8 U.S.C. § 1160(a) (1989).
 

 [2]
 

 . The portion of the Food Stamp Act applicable to Mr. Velez extends food stamp eligibility to residents of the United States who are "alien[s] lawfully admitted for permanent residence as ... immigrant[s] as defined by sections 1101(a)(15) and 1101(a)(20) of Title 8....” 7 U.S.C. § 2015(f).
 

 Title 8 U.S.C. § 1101(a)(15) (1989) defines immigrant as "every alien” except those in certain categories not relevant to this action. Section 1101(a)(20) defines the term "lawfully admitted for permanent residence” as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.” 8 U.S.C. §.1101(a)(20) (1989)., Finally, 8 U.S.C. § 1160(a)(5) (1989) provides that "an alien who acquires the status of an alien lawfully admitted for temporary residence ... is considered to be an alien lawfully admitted for permanent residence (as described in section 1101(a)(20) of this title) other than under any provision of the immigration laws." Through section 1160(a)(5), SAWs lawfully admitted for temporary residence become eligible for food stamps under 7 U.S.C. § 2015(f).