*281 OPINION OF THE COURT
Howard Miller, J.
Motion by plaintiff, and cross motion by defendant Brian Wing, Commissioner, New York State Office of Temporary and Disability Assistance, for summary judgment.
It its ordered that plaintiff’s motion for summary judgment is granted to the extent that plaintiff may enter judgment declaring that she is entitled to the benefits afforded by Social Services Law § 122 (1) (c) (ii) and § 158 (1) (g) so long as she is an alien permanently residing under color of law as hereinafter set forth; and it is further ordered that the determination of the Rockland County Department of Social Services is annulled, and the matter remitted to that agency for a reevaluation of plaintiff’s eligibility for Safety Net Assistance consistent with this determination and the judgment to be entered herein; and it is further ordered that the remainder of the relief sought by plaintiff is denied; and it is further ordered that the cross motion is denied; and it is further ordered that the trial scheduled for October 19, 1998 is cancelled.
Plaintiff states she arrived in the United States from Bulgaria on a visitor’s visa in July of 1990. After arrival, she filed an application for asylum with the Immigration and Naturalization Service (INS), which is still pending. Plaintiff has had a work authorization issued by the INS since the fall of 1990, and has been employed for approximately six of the last seven years. Allegedly as the result of the violence of a roommate, plaintiff went to the Rockland Family Shelter in the fall of 1997. Plaintiff states that she became homeless in March 1998 and either voluntarily went to the Rockland County Emergency Shelter, or was placed there by the Rockland County Department of Social Services (RCDSS), on March 10, 1998. She was moved to a motel in May of 1998. On May 9, 1998 the RCDSS notified plaintiff it was discontinuing all assistance. A fair hearing was held June 4, 1998, and the May 9, 1998 decision was affirmed on June 25, 1998. Following the June 25, 1998 decision, the complaint was allegedly amended to include a challenge to that decision under CPLR article 78.
Although the pleadings are not annexed to the moving papers, it is alleged that plaintiff commenced this action seeking declaratory relief. The parties agree that there are no disputed material issues of fact. Plaintiff contends she is entitled to summary judgment declaring that she is entitled to Safety Net Assistance for three reasons: (1) plaintiff has been *282 permanently residing in the United States under color of law (PRUCOL) since 1990; (2) New York Constitution, article XVII, § 1 mandates that aid, care and support be provided to the needy; and (3) under the Equal Protection Clauses of the New York and Federal Constitutions, the eligibility requirements of the Safety Net Program which condition eligibility on immigration status are invalid.
In arguing this motion, both plaintiff and defendants rely on several cases in support of their respective positions regarding whether plaintiff is a PRUCOL for purposes of public assistance, all of which predate the enactment of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Pub L 104-193; 110 US Stat 2105),[1] codified at 42 USC § 601 et seq. (PRWORA). In the opinion of at least one commentator, that legislation abolished the PRUCOL doctrine.[2] However, subsequent to the passage of PRWORA, New York State enacted the Welfare Reform Act of 1997 (L 1997, ch 436, part B), and extended Safety Net Assistance to persons not otherwise eligible under PRWORA. Under Social Services Law § 122 (1) (c) (ii) and § 158 (1) (g), an alien who does not fall within the Federal definition of “qualified alien” (8 USC § 1641 [b]), but “who is otherwise permanently residing in the United States under color of law” (Social Services Law § 122 [1] [c] [ii]) is eligible for Safety Net Assistance. The Legislature, in enacting Social Services Law §§ 122 and 158, elected to continue utilizing a PRUCOL standard for determining Safety Net Assistance eligibility, without providing any further definition. Thus the case law extant at the time the statutes were enacted will provide guidance on who the Legislature considered to be PRUCOL for Safety Net Assistance purposes.
Respondents have determined that plaintiff is not a PRU-COL solely because she has applied for asylum and possesses a work authorization from the INS, and rely upon three California cases, Sudomir v McMahon (767 F2d 1456); Khasminskaya v Lum (47 Cal App 4th 537, 54 Cal Rptr 2d 915); and Zurmati v McMahon (180 Cal App 3d 164, 225 Cal Rptr 374); and one Fourth Department case, Matter of Bibezic v Schauseil (236 AD2d 899), to support their determination. Florida has, however, criticized the Sudomir case (Velez v Coler, 767 F Supp *283 253), and held that persons with a pending asylum application are PRUCOL (Department of Health & Rehabilitative Servs. v Solis, 580 So 2d 146 [Fla]).
In Matter of Bibezic (supra), the Fourth Department recently upheld denial of benefits to a person with an asylum application pending, relying on the fact that the Desk Aid of the Department of Social Services’ Public Assistance Source Book, which contains a list of persons considered to be PRUCOL, did not include a person awaiting a determination on an asylum application. It should be noted, however, that the prefatory language to the list of persons considered to be PRUCOL says that “Please note that this list is not all inclusive.”
The First and Second Departments, prior to Matter of Bibezic (supra), held that aliens with applications pending with the INS for permanent residency are considered PRUCOL (Mutter of Papadopoulos v Shang, 67 AD2d 84; Matter of St. Francis Hosp. v D’Elia, 71 AD2d 110, affd 53 NY2d 825). Although decided prior to PRWORA, both cases address the PRUCOL issue and, given the affirmance by the Court of Appeals, represented the state of the law at the time of enactment of Social Services Law § 122 (1) (c) (ii) and § 158 (1) (g).
In Papadopoulos (supra, at 87), the First Department noted that its holding was “fortified by the ruling in Holley v Lavine (553 F2d 845 * * *)” a New York Federal case. In both Papadopoulos and St. Francis Hosp. (supra), the appellate courts relied heavily upon language from Holley that, “When an administrative agency or a legislative body uses the phrase ‘under color of law’ it deliberately sanctions the inclusion of cases that are, in strict terms, outside the law but are near the border.” (Holley v Lavine, 553 F2d, at 849-850.) With regard to the term “permanently residing” the Holley court added, “ ‘a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law’ ” (at 850 [citation omitted]).
Since Matter of St. Francis Hosp. v D’Elia (supra) has been affirmed by the Court of Appeals, this court is bound by the doctrine of stare decisis to follow the principles set forth in that decision until the Court of Appeals pronounces a contrary rule (see, Mountain View Coach Lines v Storms, 102 AD2d 663), despite the fact that the recent Federal legislation and more recent decisions in other jurisdictions offer a compelling case that plaintiff is not a PRUCOL.
Plaintiff has continually resided in the United States and no action has been taken by INS to deport her in the eight years *284 her asylum application has been pending. Under Holley (supra) she is, therefore, a PRUCOL.
Given the foregoing, plaintiffs remaining arguments with respect to constitutional issues and equal protection claims are not reached. In any event, those arguments were discussed at length and determined to be without merit in Abreu v Callahan (971 F Supp 799 [SD NY 1997]).

. Lisboa v Dade County Prop. Appraiser (705 So 2d 704 [Fla]), while a recent case, related to a homestead exemption and not public assistance.

. See, Sheridan, The New Affidavit of Support and Other 1996 Amendments to Immigration and Welfare Provisions Designed to Prevent Aliens From Becoming Public Charges, 31 Creighton L Rev 741 (May 1998).