17-1153
*Vazquez-Medrano v. Sessions*

BIA
Montante, IJ
A200 561 889

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand eighteen.

PRESENT:     JOSÉ A. CABRANES,
             GERARD E. LYNCH,
             SUSAN L CARNEY,

                   *Circuit Judges,*

---

JOSE VAZQUEZ-MEDRANO,

                   *Petitioner,*

             v.                                                    17-1153

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

                   *Respondent.*

---

**FOR PETITIONER:**                    Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Evan P. Schultz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Jose Vazquez-Medrano seeks review of a March 22, 2017 decision of the BIA affirming January 12, 2016 and March 11, 2016 decisions of an Immigration Judge ("IJ") denying Vazquez-Medrano's motions to suppress evidence and continue removal proceedings, and ordering him removed to Mexico. *In re Jose Vazquez-Medrano,* No. A 200 561 889 (B.I.A. Mar. 22, 2017), *aff'g* No. A200 561 889 (Immig. Ct. Buffalo Jan. 12 and Mar. 11, 2016). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.**

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law *de novo.* 8 U.S.C. § 1252(b)(4); *Cotzojay v. Holder*, 725 F.3d 172, 177 n.5 (2d Cir. 2013). We find no error in the agency's denial of Vazquez-Medrano's motion to suppress evidence of his alienage in his removal proceedings.

Suppression of evidence in removal proceedings is warranted "if record evidence establishe[s] either (a) that an egregious violation that was fundamentally unfair ha[s] occurred, or (b) that the violation—regardless of its egregiousness or unfairness—undermine[s] the reliability of the evidence in dispute." *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984) (plurality opinion). A constitutional violation may be egregious "if an individual is subjected to a seizure for *no* reason at all . . . but only if the seizure is sufficiently severe." *Almeida-Amaral*, 461 F.3d at 235. "[E]ven where the seizure is not especially severe, it may nevertheless qualify as an egregious violation if the stop was based on race (or some other grossly improper consideration)." *Id.*

We have approved the agency's burden-shifting framework for adjudicating suppression motions:

> [I]f the petitioner offers an affidavit that could support a basis for excluding the evidence in . . . question, it must then be supported by testimony. If the petitioner establishes a *prima facie* case, the burden of proof shifts to the Government to show why the evidence in question should be admitted.

*Cotzojay*, 725 F.3d at 178 (internal quotation marks and citation omitted). "An affidavit cannot support a basis for exclusion unless, if taken as true, it makes out an egregious constitutional violation." *Maldonado v. Holder*, 763 F.3d 155, 160 (2d Cir. 2014). We agree with the agency that Vazquez-Medrano did not make out a prima facie case for suppression because his affidavit does not mention race or ethnicity, or reveal any statements made by immigration officials from which to infer that they

used racial profiling in his search and seizure. *See id* at 160-61. Vazquez-Medrano's affidavit was also insufficient to support a claim that immigration officials' actions were egregious because he did not describe any instances of "threats, coercion, physical abuse or unreasonable shows of force." *Cotzojay*, 725 F.3d at 182 (internal quotation marks and brackets omitted); *see also Maldonado*, 763 F.3d at 160.

We also agree with the agency that Vazquez-Medrano's affidavit failed to state a violation of the agency regulations because he did not allege that immigration officials either entered his house without consent or detained him before learning that his presence in the country was unlawful. *See* 8 C.F.R. §§ 287.8(b) (permitting brief detention for questioning of person reasonably suspected of being in the United States illegally), (f)(2) (prohibiting officials from entering a residence without a warrant or consent to question occupants concerning their right to be in the country), 8 C.F.R. § 287.5(a)(1) (authorizing immigration officers, even in the absence of a warrant, to question a person believed to be an alien about his or her right to be in the country).

Finally, we agree that Vazquez-Medrano's warrantless arrest did not violate 8 U.S.C. § 1357(a)(2), which provides that any immigration official "shall have power without warrant . . . to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained." When an alien's removability "is clear and undisputed, that circumstance alone may provide a sufficient basis for an . . . officer to believe that escape is likely before a warrant can be obtained." *Contreras v. United States*, 672 F.2d 307, 309 (2d Cir. 1982) (discussing *Ojeda-Vinales v. INS*, 523 F.2d 286, 288 (2d Cir. 1975)). Given that Vazquez-Medrano had admitted that he was not lawfully in the United States, his warrantless arrest after that admission did not violate 8 U.S.C. § 1357(a)(2).

Accordingly, because Vazquez-Medrano failed to provide sufficient facts in his affidavit to state a claim that immigration officials committed an egregious constitutional violation or exceeded their regulatory or statutory authority, the agency did not err in denying his motion to suppress without an evidentiary hearing. *See Maldonado*, 763 F.3d at 160-62.

## II.

We review the denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). The agency did not err in declining to continue Vazquez-Medrano's removal proceedings.

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. The denial of a continuance is an abuse of discretion only if the IJ's "decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or . . . cannot be located within the range of permissible decisions." *Morgan*, 445 F.3d at 551-52 (internal quotation marks omitted). To successfully challenge the denial of a continuance to obtain evidence or apply for relief, "an alien at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that . . . [the IJ's] denial caused him actual prejudice and harm and materially affected the outcome of his case." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356-57 (B.I.A. 1983).

Vazquez-Medrano, through counsel, asked the IJ to continue proceedings a fifth time because the attorney who had been scheduled to attend his hearing had left the law firm representing him the previous day. The IJ did not err in finding the attorney's departure insufficient given that Vazquez-Medrano's proceedings had been pending for more than three years, his law firm had sent another lawyer to the hearing, and his proceedings had been continued four times already. *See id.*; *see also Matter of Hashmi*, 24 I. & N. Dec. 785, 794 (B.I.A. 2009) ("[A] history of continuances being granted by the Immigration Judge . . . , coupled with other relevant factors, may support a decision to move forward with the case.").

Moreover, Vazquez-Medrano has not shown prejudice from the IJ's denial of a continuance because he has never asserted eligibility for any form of relief from removal. *See Matter of Sibrun*, 18 I. & N. Dec. at 356-57; *see also Elbahja v. Keisler*, 505 F.3d 125, 128-29 (2d Cir. 2007) (providing that because "the petitioner was not, at the time of the hearing, 'eligible for adjustment of status, . . . he had no right to yet another delay in the proceedings so that he could attempt to become eligible for such relief'" (*quoting Morgan*, 445 F.3d at 552)). Accordingly, the agency did not abuse its discretion in finding no good cause for a continuance. *See Morgan*, 445 F.3d at 551-52; *see also Matter of Sibrun*, 18 I. & N. Dec. at 356-57.

## CONCLUSION

We have reviewed Vazquez-Medrano's remaining arguments and find them to be without merit. Accordingly, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court